**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS  DIVISION**

| | | |
|---|---|---|
| **EDWIN WALLACE KILLIAN, JR.** | ) | |
| | ) | |
| **v.** | ) | **3-05-CV-1742-L** |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice** | ) | |
| **Correctional Institutions Division** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and the order of the District Court filed on

June 7, 2006, this case has been referred to the undersigned United States Magistrate Judge.  The

findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28

U.S.C. § 2254.

**Parties**: Petitioner is an inmate confined at the Texas Department of Criminal Justice,

Correctional Institutions Division.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional

Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of intoxication

manslaughter as charged in the indictment returned in No. F-98-68005-Q Petitioner was tried by a

jury.  The jury returned a verdict of guilty and assessed punishment at a term of 17 years

imprisonment and a $10,000 fine.[1]  His conviction was affirmed on direct appeal by the Eighth Court

---

[1]The intoxication manslaughter case was tried together with the charge of intoxication
assault alleged in F-79-02490-Q for which a fine and a term of probation were assessed as

of Appeals at El Paso on August 14, 2002, and his petition for discretionary review was refused by

the Texas Court of Criminal Appeals on April 9, 2003. He thereafter filed an application for habeas

corpus relief in the state trial court pursuant to art. 11.07, Texas Code of Criminal Procedure.

Following an evidentiary hearing the trial court recommended that relief be denied and on August

17, 2005, the Court of Criminal Appeals denied his application without written order on the findings

of the trial court after a hearing.   Killian then filed his § 2254 petition in this court.

> **Findings and Conclusions**: Consideration of Petitioner's claims is governed by the

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See Pub. L. 104-132, 110 Stat.

1214 (1996). A federal court may grant relief only if the state court adjudication:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination
> of facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). A state court decision is contrary to clearly established federal law "if the state

court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law

or if the state court decides a case different than [the] Court has on a set of materially

indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 1523, 146 L.Ed.2d

389 (2000). An unreasonable application of clearly established federal law is one in which "the state

court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case." Id. 120 S.Ct. at 1523; see also Pondexter

v. Dretke, 346 F.3d 142, 145-46 (5th Cir. 2003), cert. denied 124 S.Ct. 2160 (2004). Stated

---

punishment. However, Killian does not collaterally attack this conviction in either his state
habeas application or his § 2254 petition.

differently, "a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" Wiggins v. Smith, 539 U.S. 510, 520, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003), quoting Lockyer v. Andrade, 538 U.S. 65, 76, 123 S.Ct. 1166, 1175, 155 L.Ed.1d 144 (2003).

With respect to mixed questions of fact and law, a federal habeas court must give deference to state court findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." Chambers v. Johnson, 218 F.3d 360, 363 (5th Cir.), cert. denied, 531 U.S. 1002, 121 S.Ct. 508 (2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the petitioner rebuts the presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

In his first ground for relief Petitioner lists the following acts and omissions of his attorneys in support of his ineffective assistance of counsel claim: (1) advised Petitioner not to testify at the guilt-innocence phase of the trial; (2) failed to obtain an independent blood test and failed to take steps to preserve the blood; (3) failed to obtain a DNA test on the blood to verify the blood came from Petitioner; (4) failed to obtain an expert to explain that Petitioner had a green light; (5) did not investigate or subpoena witnesses who were at the scene; (6) failed to move to exclude the blood test results based on the deliberate destruction of the blood sample by the state; (7) failed to object to the prosecutor's statement that the State represents the victim; (8) failed to object to the prosecutor asking a witness if Petitioner smokes marihuana; (9) failed to object to the prosecutor's statement that intoxication is not the same thing as drunk; (10) failed to object to the presentation of victim impact evidence; (11) failed to object to hearsay testimony that Petitioner ran a red light; (12) failed to object to statements Petitioner made to police after he was arrested; (13) failed to

3

object to a break in the chain of custody of the blood sample; (14) failed to object to the prosecutor's final argument; (15) failed to object to the admission of retrograde extrapolation evidence; (16) failed to object to the failure to give a parole instruction; (17) failed to preserve error on the denial of a challenge for cause; and (18) denigrated Petitioner in defense counsel's closing argument at the punishment phase.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. See Cuyler v. Sullivan, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). To prevail on an ineffective assistance of counsel claim, a habeas petitioner must satisfy the two-prong test established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984).  First, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. Id. 104 S.Ct. at 2064.  The Fifth Circuit has described that standard as "requiring that counsel research relevant facts and law, or make an informed decision that certain avenues will not be fruitful."  United States v. Herrera, 412 F.3d 577, 580 (5th Cir. 2005), quoting United States v. Conley, 349 F.3d 847, 841 (5th Cir. 2003).  "A conscious and informed decision of trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Green v. Johnson, 116 F.3d 1115, 1122 (5th Cir. 1997).  Second, the petitioner must prove that he was prejudiced by his attorney's substandard performance.  Strickland, 104 S.Ct. at 2067).  Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 2068; see also Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was unreliable or

proceeding fundamentally unfair due to deficient performance of counsel).

Killian initially claims that his trial counsel advised him not to testify in the guilt-innocence portion of trial to avoid being impeached with his prior convictions, all of which were misdemeanors. This claim was among several on which testimony was presented at the art. 11.07 hearing held on January 21, 2005. See Application No. 61,536-01 at 116 et seq.[2] At the hearing Killian testified that one of his retained trial attorneys William Trantham advised him not to testify (SHCTr at 175). On the other hand, Trantham testified that he made clear that misdemeanor convictions could not be used to impeach, that he recommended that Petitioner testify in the guilt-innocence phase of the trial, but that Killian chose not to testify (Id. at 127-128; 153; see also Trial record, Reporter's Record Vol. 5 at 7-8).[3] In resolving the conflict between the testimony the state trial court found that Petitioner's trial attorneys' testimony was credible and worthy of belief. No. 61,536-01 at 217 ¶ 2. This finding is entitled to a presumption of correctness, § 2254 (e)(1), and forecloses relief on this claim.

Killian claims that his counsel failed timely to have the blood sample preserved for independent testing was also addressed in the state evidentiary hearing. He testified that Trantham was hired shortly after his arrest (SHCTr 62). Trantham was unable to recall when he was hired (Id. at 128) other than the fact that he associated co-counsel, Rikki Rutchik, within a few days of his being hired (Id. at 126). Ms. Rutchik testified that she was not hired until a year after the offense

---

[2]For the purposes of this recommendation the court refers to excerpts from the evidentiary hearing with the designation "SHCTr" and to the pagination used by the court reporter.

[3]In the punishment phase Killian testified that he remembered nothing about the incident. Reporter's Record Vol. 5 at 78.

date (Id. at 161), a date after the blood sample had been destroyed.[4]  The credibility choices made

by the trial court again forecloses relief on this claim.  Moreover, he can show no prejudice.

Specifically there is nothing in the trial record calling into question the protocol followed by Chris

Heartsill, the toxicology chemist at Southwestern Institute of Forensic Sciences (Trial Record, Court

Report's Record Vol. 4 at 143, et seq).  In addition to the toxicology report indicating a blood

alcohol level of .14, there was ample evidence of Killian's intoxication from investigating officers

and lay testimony.  Therefore, Petitioner has failed to establish the "prejudice" prong of the

Strickland test.

Petitioner further faults his trial counsel for failing to present an expert and in failing to

subpoena persons who were eyewitnesses to the fatal accident.  At the evidentiary hearing Trantham

testified that reports were reviewed and the accident scene was visited in an effort to determine

whether the other vehicle had run the red light, but that nothing helpful to the defense was developed

(SHCTr 17-18). Tim Collier, a person who was present at the scene of the accident, also testified,

but stated that from his vantage point he could not tell which vehicle ran the red light, but offered

his opinion that he believed Petitioner's vehicle was at fault (Id. at 6 and 8).  No prejudice is shown.

See e.g. Alexander v. McCotter, 775 F.2d 595, 602 (5th Cir. 1985).

He next alleges that his trial attorneys were ineffective in failing to move for exclusion of

the blood analysis testimony predicated on the sample's alleged deliberate destruction.  The

disposition of the sample was explained by Mr. Heartsill, the toxicologist, at trial (Trial Record,

Court Reporter's Record, Vol. 4 at 163-164).

"[U]nless a criminal defendant can show bad faith on the part of the police, failure to

---

[4]Petitioner's claim concerning the destruction of the sample is addressed infra.

preserve potentially useful evidence does not constitute a denial of due process." Arizona v. Youngblood, 488 U.S. 51, 58 (1988). The exculpatory value of the evidence must be "apparent." Id. at 56 (quoting California v. Tronbetta, 467 U.S. 479, 489 (1984). In light of the record it is clear that any objection predicated on bad faith destruction would have been wholly lacking in merit. Counsel is not required to make futile motions.

In a series of assertions Killian contends that he was denied effective assistance of counsel by reason of counsel's failure to object to statements of the prosecutor in the voir dire of the jury panel, in failing to object to the prosecutor's questions concerning his use of marihuana, in failing to object to victim impact testimony in the guilt-innocence phase of trial, in failing to object to hearsay testimony, in failing to object to his post-arrest statements to police officers, in failing to object to the admission of blood sample results and in failing to object to comments made by the prosecutor in closing arguments. See Petitioner's brief at pages 17-19, ¶¶ 17 (a) - (h).

In his testimony in the evidentiary hearing Trantham explained the trial strategy which counsel employed in providing a defense. See SHCTr 24-27. Ms. Rutchik similarly testified that the strategy was "to not be overbearing or confrontational or at all put down [the] victims because ... they were very, very sympathetic victims." (Id. at 50).

It is not inconsistent with the objectively reasonable assistance of counsel required under the Sixth Amendment to decline to object in every instance in which an arguably viable objection might be lodged. Further, with respect to the claims relating to the admissibility of testimony Petitioner has failed to show any prejudice. In the indictment in No. F-98-68005-Q, he was charged with intoxication "by reason of the introduction of alcohol and any other substance introduced into defendant's body." (Emphasis added). The fact that Killian had used marihuana in addition to

alcohol was established by the testimony of the toxicologist.  In No. F-98-02490-Q tried along with

the intoxication manslaughter case, Petitioner was charged with causing "serious bodily injury to

Brian Driscoll."   Therefore, there was nothing improper in eliciting from Driscoll the nature and

seriousness of his injuries.  Although Steven Hennessey described his injuries as well, defense

counsel used the fact of his head injury to cast doubt on his recollection and credibility.

With regard to the statements made to Detective Marchetti by Lindsay Goin and Steven

Hennessey, both testified and were subject to cross-examination.

Killian made no self-incriminating statements to Detective Marchetti and no prejudice is

shown.  In disposing of further issues raised in his direct appeal with respect to the guilt-innocence

phase of trial, the intermediate appellate court found that error had not been preserved.  See No. 08-

01-00032-CR, opinion delivered on August 14, 2002, at 11 (Issue No. Four) and 14 (Issue No.

Seven).  However, Petitioner has not otherwise demonstrated ineffective assistance under Strickland.

He complains of counsel's failure to request a parole instruction under art. 37.07, § 4(a),

Texas Code of Criminal Procedure, and statements made in Ms. Rutchik's closing argument on

punishment.  At least one intermediate Texas appellate court has held that it is error not to give such

an instruction when requested.  Grigsby v. State, 833 S.W.2d 573, 575-7 (Tex.App. - Dallas 1992,

pet ref'd).  At the evidentiary hearing Mr. Trantham testified that he doubted that such an instruction

would have made any difference, but that it was not a matter of strategy to not request an instruction

(SHCTr 31).  He further related a surprising and untoward development which occurred prior to

commencement of the punishment phase - that is that Killian returned to the courtroom after the

lunch recess and prior to the jury's guilt-innocence verdict in an obvious state of intoxication, which

required counsel to reassess how to proceed in the event that the jury returned a guilty verdict (Id.

8

at 38-41; see also 53-54).

It is axiomatic that the Constitution does not require errorless counsel.  Killian suggests that

had his counsel requested an art. 37.07 instruction which the court in turn refused it would have

resulted in an "automatic" reversal on direct appeal. The Texas courts' decision on the issue of state

law do not support this argument.  In Grigsby v. State, supra, a defendant requested an art. 37.07

instruction which the trial court refused to give.  Notwithstanding the Fifth Court of Appeals'

determination that the refusal was error, the court applied a harmless error analysis and affirmed the

conviction because there was no showing that the error was calculated to injure the defendant's

rights, i.e. actual, not merely theoretical harm.  833 S.W.2d at 576.[5]  Petitioner raised this issue in

his direct appeal which the Eighth Court of Appeals determined was without merit.  No. 08-01-

00032-CR, opinion at 11-13.  Since that court found no harm, Petitioner cannot demonstrate

"prejudice," under the Strickland  test.

Killian also claims counsel harmed him in her closing argument on punishment by observing

that he was "not the finest society has to offer."  (Reporter Record, Vol. 5 at 90).  Taken in context

it is clear that his attorney was merely stating the obvious[6] in an effort to attempt to maintain

credibility with the jury when she asked it to place him on probation.

Finally, Killian complains of counsel's failure to preserve for appellate review a challenge

for cause to venire person Diane Mullenix.  As the record reflects, Ms. Mullenix was not seated as

---

[5]Texas courts generally agree that the state, not a defendant, benefits from the parole instruction.  Arnold v. State, 786 S.W.2d 295, 298 (Tex.Crim.App.) cert. denied 498 U.S. 838 (1990).

[6]In the punishment phase it was established by stipulation that Petitioner had previously been convicted of the misdemeanor offenses of possession of a controlled substance, criminal trespass, and harassment (Report Record Vol. 5 at 47-49).

9

a juror in the case, which in and of itself forecloses a showing a "prejudice."  Reporter Record, Vol.

2 at 159-60.

For the foregoing reasons Killian has failed to establish that his trial attorneys rendered

ineffective assistance of counsel.  However, even were this court to conclude otherwise, the AEDPA

restricts a federal court's authority to grant relief unless the State court system's disposition of his

Strickland claims was not only erroneous, but objectively unreasonable as well.  See e.g. Yarbrough

v. Gentry, 540 U.S. 1 (2003).  Killian has not satisfied this requirement.

In his second ground for relief Petitioner claims that the state deliberately destroyed the

blood sample specimen obtained on the date of the fatal accident.  As discussed above, supra at

pages 6-7, the blood sample was disposed of pursuant to the routine practices of the Southwestern

Institute of Forensic Sciences and Killian presented no evidence showing that anyone connected

with the district attorney's office or responsible law enforcement agencies had anything to do with

the destruction of the specimen.

As his third ground for relief he claims that the evidence was insufficient to support his

conviction for intoxication manslaughter.  Respondent argues that this ground is procedurally barred.

See Respondent's answer at pages 31-32.  A review of the state court record confirms that this claim

was not presented in Killian's petition for discretionary review and was not considered by the Texas

Court of Criminal Appeals except in the context of his art. 11.07 application.  In its findings which

were adopted by the Court of Criminal Appeals the trial court found that his sufficiency of the

evidence claim was not cognizable in a habeas corpus application.  See App. No. 61,536-01 at 218,

¶ 4.  Therefore I agree that this court may not consider the merits of this ground.  In the alternative,

I note that this issue was raised and rejected by the appellate court in his direct appeal No. 08-01-

00032-CR, opinion at 7-9.  The opinion explicitly cited the Supreme Court's decision in <u>Jackson v. Virginia</u>, 443 U.S. 307 (1979), in applying the federal constitutional standard to be applied. Petitioner has not shown that this application was objectively unreasonable.

In his fourth ground he claims that he did not knowingly waive his right to testify in his own behalf in the guilt-innocence portion of the trial.  The circumstances under which he chose not to testify are addressed above, <u>supra</u> at page 5.  The factual findings of the trial court in his art. 11.07 application foreclose relief on this claim.

In ground five he alleges that the trial court erred in refusing to submit a lesser included offense of D.W.I. instruction requested by his trial attorneys.[7]  Under well-established pre-AEDPA case authority of the Fifth Circuit "the failure to give an instruction on a lesser included offense [in a non-capital case] does not raise a federal constitutional issue."  <u>Creel v. Johnson</u>, 162 F.3d 385, 390 (5th Cir. 1998).  The United States Supreme Court has not held otherwise.

In his sixth ground he claims that his right to confrontation was violated by the admission of hearsay testimony, citing the testimony of Detective D. T. Marchetti which referred to information obtained at the scene of the accident from Steven Hennessey and Lindsay Goin.  <u>See</u> Reporter's Record Vol. 4 at 31-33. It is at best problematic as to whether the conclusions which Marchetti made as an expert accident investigator based upon statements and information obtained from others constitute hearsay.  However, as noted above at page 8, <u>supra</u>, both of these individuals appeared as witnesses at trial and were subject to cross-examination.  Therefore, the factual circumstance under which the Supreme Court found that Crawford's right of confrontation was

---

[7]This claim was raised and rejected in the context of his direct appeal.  No. 08-01-00032-CR, opinion at 5-7.

denied - "... the State admitted Sylvia's testimonial statement against [him], despite the fact that he had no opportunity to cross-examine her ..." Crawford v. Washington, 541 U.S. 36, 68-69 (2004) did not occur in Petitioner's trial.  Therefore this ground is without merit.

In his seventh and final ground for relief Petitioner contends that the admission of an alleged extrapolation analysis violated his federal constitutional rights.  In Estelle v. McGuire in which a violation of a state evidentiary ruling was alleged the Court observed: "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' (Citations omitted) ... [I]t is not the province of a federal habeas court to reexamine state court determinations on state-law questions." 502 U.S. 62, 67-68 (1991).  In cases decided by the Fifth Circuit both prior to McGuire, See e.g. Skillern v. Estelle, 720 F.2d 839, 852 (5th Cir. 1983) and subsequently, See e.g. Little v. Johnson, 162 F.3d 855, 862 (5th Cir. 1998), the Court has stated that fundamental fairness is denied only if the alleged erroneously admitted evidence has played a crucial, critical and highly significant role in the trial.

The evidence at issue related only to an expert opinion concerning how many drinks a hypothetical person would need to drink to register a blood alcohol level of .14.  Although such evidence could impeach evidence that a fewer number of alcoholic beverages was ingested, it hardly constitutes crucial, critical and highly significant evidence when juxtaposed with the other evidence presented at Petitioner's trial to establish his state of intoxication at the time of the accident.

Therefore, this ground fails to raise a cognizable basis for relief.

**RECOMMENDATION**:

> For the foregoing reasons it is recommended that the petition be denied.
>
> A copy of this recommendation shall be transmitted to counsel for the parties.
>
> SIGNED this 16th day of January, 2007.

                                        *Wm.F. Sanderson,Jr.*

                                        _____
                                        WM. F. SANDERSON, JR.
                                        UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.