IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **EDWIN WALLACE KILLIAN, JR.,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:05-CV-1742-L** |
| | § | |
| **NATHANIEL QUARTERMAN, et. al.,** | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the court is Killian's Petition for Writ of Habeas Corpus, filed August 29, 2005. Pursuant to Special Order 3-251, the petition was referred to United States Magistrate Judge Jeff Kaplan, on August 29, 2005. On June 7, 2006, Magistrate Judge Kaplan recused himself, and the case was assigned to United States Magistrate Judge Wm. F. Sanderson, Jr. On January 16, 2007, the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report") was filed. After receiving an extension of his deadline, Petitioner filed objections to the Report on February 13, 2007.

This is a habeas petition filed pursuant to 28 U.S.C. § 2254. Petitioner, a state inmate sentenced to imprisonment for seventeen years for intoxication manslaughter, brings this petition to challenge his conviction on multiple grounds. First, he contends that he received ineffective assistance of counsel because of various acts and omissions in the preparation and trial of his case. Second, Petitioner contends that the State deliberately destroyed a blood sample obtained on the date of the fatal accident, and the destruction prevented him from independently testing the sample. Third, Petitioner contends that there was no evidence establishing a causal connection between his

alleged intoxication and the death and serious bodily injury. Fourth, Petitioner contends that he did not voluntarily and intelligently waive his right to testify during trial. Fifth, Petitioner contends that the trial court erred by refusing to submit his requested instruction on a lesser-included offense (driving while intoxicated) to the jury. Sixth, Petitioner contends that the admission of hearsay testimony violated his constitutional right to confrontation. Finally, Petitioner contends that the admission of allegedly flawed retrograde extrapolation evidence violated his due process rights.

The magistrate judge made the following findings: (i) Petitioner failed to establish that his trial attorneys rendered ineffective assistance of counsel, (ii) Petitioner failed to present evidence that anyone connected with the district attorney's office or the responsible law enforcement agencies was involved with the destruction of the blood sample obtained on the date of the accident, (iii) Petitioner is barred from making an insufficiency of the evidence argument for federal habeas review because he failed to make this argument in his petition for discretionary review to the Texas Court of Criminal Appeals, (iv) the factual findings of the trial court in Petitioner's state habeas application forecloses relief on his claim that he did not voluntarily and intelligently waive his right to testify during trial, (v) the trial court did not err by refusing to submit his requested instruction on driving while intoxicated to the jury because authority from the United States Court of Appeals for the Fifth Circuit ("Fifth Circuit") states that a federal constitutional issue is not raised by the failure to give an instruction on a lesser included offense in a non-capital case and the Untied States Supreme Court has not held otherwise,(vi) Petitioner's constitutional right to confrontation was not violated by the admission of hearsay evidence because the witnesses in question appeared at trial and were subject to cross-examination, and (vii) in light of the other evidence adduced at trial, the extrapolation

evidence was not crucial, critical, and highly significant evidence so as to violate Petitioner's due process rights.

Petitioner objects only to the magistrate judge's findings and conclusions on his ineffective assistance of counsel claim and his claim that the trial court erred by refusing to include a jury instruction on a lesser offense. The court addresses each objection separately.

Petitioner makes several objections to the magistrate judge's findings and conclusions on his ineffective assistance of counsel claim. First, Petitioner objects to the magistrate judge's finding "that he did not receive ineffective assistance based on his attorney's advice to him to not testify in order to avoid impeachment based on his prior convictions, all of which were misdemeanors and not proper subjects for impeachment." Pet.'s Obj. ¶ 1. The court finds that Petitioner's attorney gave him no such advice. The record reflects that William Trantham ("Trantham"), Petitioner's trial counsel, never advised him not to testify. State Habeas Tr. 12: 10-12, Jan. 21, 2005. Further, Trantham's advice regarding Petitioner's misdemeanor convictions must be reviewed in context. When asked about his discussion with Petitioner whether he should testify, Trantham stated the following:

> We had long discussions from very early on that getting acquitted when the defendant doesn't take the stand is difficult at best, originally about 99 percent, I think it is, when they don't take the stand. And his best shot at being acquitted would be if he did take the stand. He had some misdemeanor offenses in his past, he'd been a bookie and a gambler and so on and so he's had some scrapes with the law, nothing serious.
> We told him those could be used against him at some point possibly, might not be at some point. But if he did take the witness stand, that anything that was said, of course, would be used against him. That he had to be cautious, that he shouldn't engage in disputes with the prosecutors, that he shouldn't be argumentative. The typical thing you tell a client to testify on.

*Id.* at 12:15-25, 13:1-5. After explaining Petitioner's chances of being acquitted if he chose not to testify, Trantham told Petitioner that his misdemeanor convictions could possibly be used against him *at some point*. This statement does not appear to be limited to impeachment. If Petitioner put his character in issue during his testimony, the prosecution would be allowed to introduce the misdemeanor convictions to rebut. *See* Tex. R. Evid. 404(a)(1)(A). Also, the prosecution provided notice in advance of trial of its intent to introduce evidence of Petitioner's other crimes in its case-in-chief. State Habeas R. at 23. Although this evidence was not admissible to prove Petitioner's character in order to show action in conformity therewith, it could have been admitted for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* Tex. R. Evid. 404(b). Therefore, the court determines that Tratham's advice was not contrary to law and did not constitute ineffective assistance of counsel. Accordingly, the court overrules this objection.

Second, Petitioner objects to the magistrate judge's finding that the state court's credibility determination forecloses relief on his ineffective assistance of counsel claim based upon counsel's failure to have blood evidence preserved and independently tested. The court agrees with the magistrate judge. At the habeas hearing, Petitioner testified that Trantham was hired shortly after his arrest. Trantham testified that he could not recall when he was hired, but recalled that a few days after he was retained he obtained another attorney, Rikki Rutchik ("Rutchik"), to assist him. Rutchik testified that she was hired a year after the accident and after the blood sample had been destroyed. The state court determined that the testimony of Trantham and Rutchik was credible and worthy of belief, and this determination is presumed to be correct. *See* 28 U.S.C. § 2254(e)(1). Although Petitioner is required to rebut this presumption with clear and convincing evidence, he has

failed to do so. He merely points to the conflicting testimony and argues that "[i]t is an unreasonable determination of the facts to conclude that counsel was not hired in time to preserve and test the blood sample." Pet.'s Obj. ¶ 2. This statement is conclusory and a far cry from being clear and convincing evidence. Because Petitioner fails to rebut the presumption of correctness of the state court's determinations with respect to his ineffective assistance of counsel claim based upon counsel's failure to have blood evidence preserved and independently tested, the claim fails and his objection is overruled. Based on this ruling, the court does not reach Petitioner's objection to the magistrate judge's finding that no prejudice resulted from counsel's failure to have the blood sample preserved and independently tested.

Third, Petitioner objects to the magistrate judge's conclusion that counsel's decision not to object in every instance in which a viable objection might be lodged was consistent with the objectively reasonable assistance of counsel required under the Sixth Amendment to the United States Constitution. He argues that this conclusion is contrary to established federal law regarding ineffective assistance of counsel and cites *United States v. Rusmisel*[1] for the proposition that "even if an attorney's manner of conducting a trial is trial strategy[,] it can be so ill chosen as to constitute ineffective assistance." Pet.'s Obj. ¶ 3. In *Rusmisel*, counsel for the defendant failed to object to prosecutorial questions about various witnesses' personal drug use after the offense and chose instead to continue the line of irrelevant questioning with the prosecution's witnesses. According to the prosecution, defense counsel "might reasonably have concluded that having all of the witnesses discredited as unreliable drug users offered the best prospect of acquittal for his client." *Rusmisel*, 716 F.2d at 308 (internal quotation marks omitted). The court found that, given the

---

[1] 716 F.2d 301, 310 (5th Cir. 1983).

primary thrust of the prosecution's case (that its witnesses had abandoned drugs and the drug culture and defendant had not), defense counsel could not have reasonably determined "that allowing the Government to paint the defense witnesses black and responding in kind offered a good chance of acquittal for his clients" and that counsel's "'strategy' was so ill chosen that it rendered the trial fundamentally unfair." *Id.* at 310. The court was clear that "a conscious and informed decision on trial tactics cannot be the basis for constitutionally ineffective representation unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Id.* (internal citation and quotation marks omitted). Petitioner fails to explain how counsel's conscious and informed decision to forego certain objections to avoid appearing overbearing or confrontational to sympathetic witnesses and to not bring attention to such witnesses permeated the entire trial with obvious unfairness. Therefore, the court overrules this objection.

In his third objection, Petitioner also states that the magistrate judge "incorrectly found that victim impact evidence from the alleged victims was admissible on the guilt-innocence phase." Pet.'s Obj. ¶ 3. "'Victim impact' evidence is evidence of the effect of an offense on people *other* than the victim." *Roberts v. State*, 220 S.W.3d 521, 531 (Tex. Crim. App.) (emphasis in original), *cert. denied*, 128 S.Ct. 282 (2007). Because the evidence at issue here was evidence of the effect of the offense on the victims, it is not victim impact evidence. Therefore, the court overrules this objection.

Fourth, Petitioner objects to the magistrate judge's conclusion that counsel's failure to object to hearsay testimony that he ran the red light did not constitute ineffective assistance of counsel. According to Petitioner, one of the prosecution's witnesses, Patrick Hennessy, testified that a man on the corner said that he had the green light, and this testimony violated his right to confront

witnesses. Assuming that counsel's failure to object fell below an objective standard of reasonableness, Petitioner has not proved that he was prejudiced by this failure. Other prosecution witnesses also testified that Petitioner ran a red light. The jury could have believed them without the admission of the hearsay statement. Therefore, the court finds that Petitioner has failed to prove that there is a reasonable probability that the result of the proceeding would have been different but for counsel's failure to object to this testimony. The court overrules this objection.

Fifth, Petitioner objects to the magistrate judge's conclusion that counsel's failure to object to certain comments made by the prosecution during closing arguments did not constitute ineffective assistance of counsel. He argues that the following language was objectionable:

> You got to be kidding me. That is insulting. That should sicken you. Blames everything on Patrick Hennessy. It was his fault. If you believe that for one second, I'm gonna tell you to find him not guilty. You go back there and 12 of you vote not guilty. And you send him on his way. Because it's ludicrous.

Trial Tr. vol. 5, 24: 17-22, Sept. 21, 2000. Petitioner contends that the argument was an attack on him over the shoulders of counsel and that it was harmful and contrary to due process standards, but he fails to show how he was harmed or why the statement was contrary to due process standards. Although the argument was aggressive and emphatic, the prosecutor in essence told the jury that Petitioner's story was preposterous and not worthy of belief. Such an argument was a response to defense counsel's argument, and did not strike at Petitioner over the shoulders of defense counsel or inflame the jury to his prejudice. It was proper jury argument. *See Berry v. State*, 233 S.W.3d 847, 859 (Tex. Crim. App. 2007) ("Permissible jury argument generally falls into one of four areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; or (4) a plea for law enforcement."). Moreover, improper

Order – Page 7

"prosecutorial remarks are a sufficient ground for habeas relief only if they are so prejudicial that they render the trial fundamentally unfair." *Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002), *cert. denied*, 540 U.S. 1218 (2004). "Such unfairness exists only if the prosecutor's remarks evince either persistent and pronounced misconduct or . . . the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Id.* at 245 (internal quotation marks and citation omitted). Without the prosecutor's allegedly improper remarks, there was more than sufficient evidence for the jury to find Petitioner guilty beyond a reasonable doubt of the crime for which he was convicted. Petitioner's bare-bone conclusory allegations are insufficient to convince the court otherwise. Therefore, the court overrules this objection.

Sixth, Petitioner objects to the magistrate judge's conclusion that defense counsel's failure to request a parole charge was harmless error. Petitioner contends that "[a] proper analysis would have concluded that the jury would likely have given a lower sentence had they been properly instructed." Pet.'s Obj. ¶ 6. This argument lacks merit. "The instruction was designed to increase jury sentences." *Grigsby v. State*, 833 S.W.2d 573, 576 (Tex. App.–Dallas 1992, pet. ref'd). Moreover, as the magistrate judge correctly stated, "Texas courts generally agree that the state, not a defendant, benefits from the parole instruction." Rpt. 9, n.5 (citing *Arnold v. State*, 786 S.W.2d 295, 298 (Tex. Crim. App.), *cert. denied*, 498 U.S. 838 (1990); *see also Grigsby*, 833 S.W.2d at 576). The state court conducted a thorough harm analysis and determined that Petitioner failed to prove actual harm. Petitioner has not shown how this decision was based on an unreasonable application of clearly established federal law or on an unreasonable application of facts in light of the evidence presented in the state proceeding. Therefore, the court overrules this objection.

Seventh, Petitioner objects to the magistrate judge's conclusion that defense counsel's jury argument that he "was not the finest society has to offer" did not constitute ineffective assistance of counsel. Pet.'s Obj. ¶ 7. After review of the record and the magistrate judge's reasoning, the court agrees with the magistrate judge's conclusion. Therefore, the court overrules this objection.

Eighth, Petitioner objects to the magistrate judge's conclusion that he has failed to show prejudice by defense counsel's failure to preserve error for his challenge for cause to venire person Diane Mullenix. Petitioner contends that he was prejudiced because had the error been preserved, his conviction would have been reversed. The court disagrees. To preserve error for a trial court's denial of a challenge for cause in the criminal context, Petitioner must "(1) use all of his peremptory strikes; (2) ask for and be refused additional peremptory strikes; and (3) be forced to take an identified objectionable juror whom [he] would not otherwise have accepted had the trial court granted his challenge for cause or granted him additional peremptory strikes. *Garcia v. State*, 16 S.W.2d 401, 408-09 (Tex. App.–El Paso 2000, pet. ref'd). Diane Mullenix was not seated as a juror. Therefore, Petitioner was not forced to take her because of the court's ruling. Moreover, Trantham testified that he and his co-counsel were "satisfied with the jury" and that he did not consider the denial of the request to be important. State Habeas Tr., 33: 1-3. Defense counsel apparently did not believe that there was any objectionable juror that Petitioner was forced to take as a result of the court's denial of their strike for cause. The Texas Disciplinary Rules of Professional Conduct (the "Disciplinary Rules") prohibit attorneys from making frivolous assertions. Tex. Disciplinary R. Prof'l Conduct 3.01, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G app. A (Vernon Supp. 2005) (Tex. State Bar R. Art. X, § 9). An assertion is frivolous "if the lawyer is unable to make a good faith argument that the action taken is consistent with existing law" or "if it contains false statements

of fact."² *Id.* at cmts. 2-3. Because defense counsel did not believe it to be true, the Disciplinary Rules prohibited them from arguing that Petitioner was forced to take an identified objectionable juror whom he would not have otherwise accepted had his challenge for cause been granted. That Petitioner was forced to take an identified objectionable juror is a required element to preserve error for denial of a challenge for cause, and the record does not support that this was the case. Petitioner was not prejudiced by counsel's failure to make a frivolous argument on his behalf. Therefore, the court overrules this objection.

Ninth, Petitioner objects to the magistrate judge's conclusion that counsel's failure to object to the retrograde extrapolation evidence did not constitute ineffective assistance of counsel. After review of the record, the magistrate judge's reasoning and conclusion, and the applicable law, the court agrees with the magistrate judge's conclusion. Therefore, the court overrules this objection.

Petitioner also objects to the magistrate judge's conclusion that the trial court's failure to give an instruction on a lesser included offense did not raise a federal constitutional issue. He concedes that this conclusion is consistent with Fifth Circuit authority, but asserts in a conclusory fashion that the Fifth Circuit authority is contrary to United States Supreme Court authority. After review of the applicable law and the magistrate judge's conclusion, the court determines that the magistrate judge is correct. Therefore, the court overrules this objection.³

---

²The Texas Disciplinary Rules of Professional Conduct also includes other definitions of "frivolous" that do not apply to this case. *See Id.*

³In ruling on these objections, the court was often required to surmise or glean the possible arguments in support of the objections, because they were not stated with any degree of particularity. This is not the first habeas petition filed by counsel in which highly conclusory objections have been made. In the future, the court expects counsel to state his objections and supporting arguments with particularity. It is not incumbent on the court to surmise or glean the nature of counsel's argument, and it will not do so on future habeas petitions.

**Order – Page 10**

Having reviewed the petition, file, record, Report, and applicable law in this case, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court therefore **denies** the petition for writ of habeas corpus writ of habeas corpus, and this action is hereby **dismissed with prejudice**.

**It is so ordered** this 9th day of September, 2008.

Sam A. Lindsay
United States District Judge